IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DERYL GENTRY )
)
v. ) NO. 3-15-0911
) JUDGE SHARP
STATE OF TENNESSEE )

MEMORANDUM

Pending before the Court is Defendant's Motion for Partial Summary Judgment (Docket No. 13). For the reasons stated herein, Defendant's Motion is DENIED.

INTRODUCTION

Plaintiff is a former employee of the Department of Education for the State of Tennessee. He has filed claims against Defendant, asserting sexual harassment, discrimination, a hostile work environment, and retaliation, in violation of the Tennessee Human Rights Act ("THRA"). Defendant has moved for summary judgment on the hostile work environment claim only, arguing that Plaintiff has insufficient proof to meet the standard of a hostile work environment claim.

Plaintiff worked for the Tennessee Department of Education from 2009 until he was terminated on April 30, 2014. Plaintiff alleges that he enjoyed a good working relationship with his team and supervisors until a restructuring in 2013. Plaintiff contends that in the later part of 2013, Debbie Owens became Plaintiff's direct supervisor. Plaintiff alleges that in January of 2014, Owens propositioned Plaintiff while they were on a training trip to Bradley County, Tennessee. Plaintiff claims that Owens turned toward Plaintiff, lowered her glasses and suggestively asked him if he wanted to come up to her room, while rubbing her inner thighs with her hands and smiling at

Plaintiff. Plaintiff further asserts that when he declined, Owens stated, "If you want to move up in the state, you have to learn to play the game."

Plaintiff alleges that, after this incident, Owens consistently berated Plaintiff in public, physically intimidated him, and made further unwanted sexual advances toward him, including rubbing her breasts against him on two occasions. Plaintiff has testified that after the training trip event, Owens made his life very miserable. Plaintiff claims to have made several complaints concerning Owens to supervisors and, on March 11, 2014, filed a formal complaint against Owens with Human Resources. Plaintiff asserts that, after his complaint to Human Resources, Owens continued to yell at him, invaded his personal space, bumped him with her breasts, tried to exclude Plaintiff from a meeting, failed to reply to Plaintiff's emails, and declined to approve necessary travel. Plaintiff maintains that Owens continued to supervise him during the investigation related to his complaint, and during that time, she also evaluated his job performance. Plaintiff alleges that, despite his having only positive performance reviews prior to rejecting Owens' sexual advances, Owens gave Plaintiff a negative performance evaluation on April 2, 2014. On April 30, 2014, Defendant terminated Plaintiff's employment.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which a jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## HOSTILE WORK ENVIRONMENT

In Tennessee, a hostile work environment exists when conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment. *Bazemore v. Performance Food Group, Inc.*, 478 S.W.3d 628, 635 (Tenn. Ct. App. 2015). In *Campbell v. Florida Steel Corp.*, the Tennessee Supreme Court set forth what an employee must assert and prove in order to prevail on a hostile work environment claim in a sexual harassment case: (1) the employee is a member of a protected class; (2) the employee was subjected to unwelcomed sexual harassment; (3) the harassment occurred because of the employee's gender; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew, or should have known of the harassment and failed to respond with prompt and appropriate corrective action. *Campbell*, 919 S.W.2d 26, 31 (Tenn. 1996).

On this Motion, Defendant argues that Plaintiff has not identified any incidents that are sufficiently severe or pervasive to state a claim for hostile work environment. In determining whether an environment is hostile, however, the court must consider the totality of the circumstances. *Campbell*, 919 S.W.2d at 32. Factors to be considered include the frequency of the conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, whether it unreasonably interferes with the employee's work performance, and the employee's psychological well-being. *Id*.

Here, there are genuine issues of material fact that preclude summary judgment on this claim. For example, Plaintiff alleges that Owens propositioned him in a *quid pro quo* sort of way and told him he would "have to learn to play the game" if he wanted to move up in the state. Owens denies these allegations. Even accepting the allegations of Plaintiff as true, a factfinder must determine what was "unreasonable" under the totality of the circumstances and whether the alleged conduct would have affected the terms, conditions and privileges of employment for a "reasonable" employee.

Plaintiff has offered sufficient proof, as outlined in the facts above, that a factfinder could determine that Ms. Owens' conduct, under the totality of the circumstances, was sufficiently severe or pervasive to state a claim for hostile work environment. For example, a reasonable factfinder could decide that the proposition by Ms. Owens, particularly with its alleged connection to "moving up" in Plaintiff's employment, was severely humiliating and intimidating. A reasonable factfinder could find that Owens' rubbing her breasts on Plaintiff's body, consistently berating him and invading his personal space were sufficient to affect Plaintiff's work performance. Indeed, according to Defendant's evaluation, Plaintiff's work performance *did* suffer after the alleged

4

harassment by Ms. Owens. The Deputy Commissioner, Ms. Airhart, confirmed that no concerns about Plaintiff surfaced until he was supervised by Owens. Finally, a reasonable factfinder could find that Plaintiff reported Ms. Owens' behavior and Defendant refused to take prompt and appropriate corrective action.

CONCLUSION

For these reasons, Defendant's Motion for Partial Summary Judgment (Docket No. 13) is DENIED, and the issue of hostile work environment will be decided, with the other issues, at trial.

IT IS SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE